**Oscar PENA, Plaintiff–Appellant,**

**v.**

**Glen GOORD, James Recore, Former Director, Debra Joy, Director, Robert R. Pirie, Sen. Corr. Counselor, Ms. D. Drake, Correction counselor, Defendants–Appellees.**

**Docket No. 04–3530–PR.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Oscar Pena, Malone, N.Y. (on submission), for Plaintiff–Appellant, pro se.

David Lawrence III, Assistant Solicitor General (Michael S. Belohlavek, Deputy Solicitor General), for Eliot Spitzer, Attorney General of the State of New York), New York, N.Y. (on submission), for Defendants–Appellees, of counsel.

PRESENT: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Oscar Pena, incarcerated and proceeding *pro se,* appeals from the district court's May 3, 2004 grant of summary judgment to Defendants–Appellees on Pena's civil rights claims. Pena brought suit under 42 U.S.C. § 1983, alleging that his due process rights were violated when he was denied access to a Temporary Release Program ("the Program") based on an absconder charge that should have been expunged from his prison record.

We assume the parties' familiarity with the facts, the procedural posture, and the specification of issues on appeal.

 With respect to Pena's due process claim involving his denial of access to the Program, we affirm the summary judgment grant for essentially the reasons given by the district court. Appellees presented evidence that the absconder charge had been expunged from Pena's record, and even if it had not been, Pena was still ineligible for the Program to which he sought admission for any number of independent reasons. Nor did the district court err in converting Appellees' Rule 12(b)(6) motion to dismiss to a Rule 56(c) motion for summary judgment in light of Pena's submission of papers outside the pleadings. *Courtenay Commc'ns Corp. v. Hall,* 334 F.3d 210, 213 (2d Cir.2003).

The district court also was correct to hold, in an order dated August 18, 2003, that Pena was barred from relitigating the claim that his removal from the Program denied him due process. To whatever extent Pena appeals the district court's denial of his Rule 60(b) motion (seeking relief from the district court's denial of his motion for summary judgment), we find no indication that the court abused its discretion in this connection. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998) (applying abuse of discretion standard to Fed.R.Civ.P. 60(b) ruling). Finally, Pena's assertions of judicial misconduct are baseless.

We have considered all of Pena's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.